UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPINE & NEUROSURGERY ASSOCIATES, a medical corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut Corporation; and DOES 1-20, inclusive,<br><br>Defendant. | No. 2:19-cv-00115-TLN-DB<br><br><br>**ORDER** |

This matter is before the Court on Defendant UnitedHealthcare Insurance Company's ("Defendant") Motion to Dismiss and Motion to Strike. (ECF No. 7.) For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss and DENIES the Motion to Strike as moot.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On December 13, 2018, Plaintiff Spine & Neurosurgery Associates ("Plaintiff") initiated this action in the Superior Court of California, County of Placer, asserting causes of action for: (1) Violation of California Health and Safety Code Section 1371.4 ("§ 1371.4"); (2) Violation of California Insurance Code Section 790.03, also called the Unfair Insurance Practices Act ("UIPA"); and (3) Violation of California Business & Professions Code Section 17200, also

called the Unfair Competition Law ("UCL"). (ECF No. 1-3 at ¶ 33.) Specifically, Plaintiff alleges that on October 16 and 18, 2017, it provided emergency medical treatment and services to a patient who was insured by Defendant at the time, but that Defendant reimbursed only a small portion of the billed amount and failed to pay the remaining balance owed for the treatment provided despite repeated written requests.[1] (*Id.* at ¶¶ 8–16.)

Defendant removed the action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1141(b) and 1146.[2] (ECF No. 1.) On February 20, 2019, Defendant filed the instant Motion to Dismiss, seeking to dismiss the Complaint in its entirety under Federal Rule of Civil Procedure ("Rule") 12(b)(6), on the basis that Plaintiff failed to state a claim upon which relief can be granted. (ECF No. 7.) Plaintiff opposed the Motion and Defendant replied. (ECF Nos. 10, 12.)

## II.  STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

///

---

[1] The Court notes Plaintiff's Complaint contains several confusing typos with respect to alleged dates and paragraph references. However, Plaintiff appears to assert the two treatment dates in question occurred on October 16, 2017 and October 18, 2017 (*see* ECF No. 1-3 at ¶¶ 8, 13–14; *compare id.* at ¶¶ 9–11), and the allegedly deficient payment from Defendant was received on or about January 1, 2018 (*id.* at ¶¶ 13, 15; *compare id.* at ¶ 14).

[2] Defendant filed its Certificate of Interested Parties on January 16, 2019 (ECF No. 2) and its Notice of Confirmation of Notifying State Court of Removal on January 18, 2019 (ECF No. 5).

2

1 On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give Plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

///

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.    ANALYSIS**

        A.      <u>First Cause of Action: Violation of § 1371.4</u>

California Health and Safety Code § 1371.4 governs compensation for emergency care services and requires health plans to reimburse emergency services providers. *See* § 1371.4(b). Plaintiff claims Defendant violated § 1347.4 by failing to provide reimbursement to Plaintiff for emergency services provided to its insured. (ECF No. 1-3 at ¶ 21.) Defendant moved to dismiss the claim because "Section 1371.4 does not create a standalone private right of action." (ECF No. 7-1 at 10–13). Plaintiff opposes Defendant's motion, on the basis that it has "tied" this cause of action to its UCL claim, and California law permits Plaintiff to bring a UCL claim for violations of § 1371.4. (ECF No. 10 at 5.) The Court finds Plaintiff's arguments to be unavailing.

The California Supreme Court recognized that a "violation of a state statute does not necessarily give rise to a private cause of action." *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010).[3] Whether a party has a right to sue for the violation of a statute depends on whether the Legislature has "manifested an intent to create such a private cause of action" under the statute. *Id.* (citing *Mordi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287, 305 (1988)). Indeed, "when neither the language nor the history of a statute indicates an intent to

---

[3] This Court is bound by the decisions of the Supreme Court of California when interpreting state law. *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1391 (9th Cir. 1994).

4

create a new private right to sue, a party contending for judicial recognition of such a right bears a heavy, perhaps insurmountable burden of persuasion." *Id*. at 601 (citing *Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121, 133 (1997)).

Several California appellate and federal district courts have directly concluded, or support the conclusion, that § 1371.4 does not create a standalone private right of action. *See Dignity Health & Northridge Hosp. Med. Ctr. v. Local Initiative Health Care Auth.*, No. BC583522, 2017 WL 5957000, at *4–5 (Cal. Super. Ct. Sept. 8, 2017) (finding § 1371.4 did not create a standalone private right of action and granting summary adjudication of standalone claim for violations of § 1371.4), *aff'd*, 44 Cal. App. 5th 144;[4] *Cal. Pac. Reg'l Med. Ctr. v. Global Excel Mgmt., Inc.*, No. 13-cv-00540 NC, 2013 WL 2436602, at *2–8 (N.D. Cal. June 4, 2013) (analyzing language and legislative history of § 1371.4 and concluding it did not create a private cause of action); *John Muir Health v. Global Excel Mgmt.*, No. C-14-04226, 2014 WL 6657656, at *3–6 (N.D. Cal. Nov. 21, 2014) (granting motion to dismiss standalone § 1371.4 claim); *Regents of the Univ. of Cal. v. Global Excel Mgmt., Inc.*, 2010 WL 5175034, at *4 (C.D. Cal. Dec. 10, 2010) (same). Based on the foregoing authority, this Court finds § 1371.4 does not create a standalone private right of action.

Further, Plaintiff's contention that its standalone claim under § 1371.4 survives dismissal because it is "tied" to Plaintiff's Third Cause of Action for a violation of the UCL is unpersuasive. Plaintiff's reliance on *Bell v. Blue Cross of California*, 131 Cal. App. 4th 211, 216 (2005) and *Centinela Freeman Emergency Medical Associates*, 1 Cal. 5th 994, 1001–02 (2016) is similarly misguided. (ECF No. 10 at 4–5.) Neither *Bell* nor *Centinela* stands for the proposition that § 1371.4 creates a private right of action as a standalone claim, but rather that a plaintiff may pursue a private action for alleged violations of the statute under another claim or at common law. *Bell*, 131 Cal. App. 4th at 216 (plaintiff could state a claim for § 1371.4 violations as violation of

---

[4] The court in *Dignity Health & Northridge Hosp. Med. Ctr.* also references the following California appellate cases, which hold that the Knox-Keene Act, which encompasses § 1371.4, provides no private right of action to enforce the Act: *Cal. Med. Assn. v. Aetna U.S. Healthcare*, 94 Cal. App. 4th 151, 161 (2001); *Samura v. Kaiser Found. Health Plan*, 17 Cal. App. 4th 1284, 1299 (1993); and *Blue Cross of Cal. v. Superior Court*, 180 Cal. App. 4th 1237, 1250 (2009).

5

UCL and/or a quantum meruit claim); *Centinela Freeman Emergency Medical Associates*, 1 Cal. 5th at 1001–02 (plaintiff could seek recovery for breach of duty created by § 1371.4(e) under negligence theory). While Plaintiff may state a cause of action for violations of the UCL based upon an underlying violation of § 1371.4, Plaintiff cannot state an independent cause of action under § 1371.4 merely because it also alleges a UCL violation claim in the complaint. Plaintiff therefore fails to establish a viable standalone claim under § 1371.4.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss. Further, the Court finds any amendment to this cause of action would be futile. *Doe*, 58 F.3d at 497; *see also Gardner*, 563 F.3d at 990. Therefore, Plaintiff's First Cause of Action for violations of § 1371.4 is DISMISSED, without leave to amend.

### B. Second Cause of Action: Violation of the UIPA

The UIPA defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. *See* Cal. Ins. Code § 790.03(a)–(j). Defendant moves to dismiss Plaintiff's Second Cause of Action for violations of the UIPA because the statute does not create a standalone private cause of action. (ECF No. 7-1 at 13–15.) Again, Plaintiff contends that the cause of action should survive dismissal because it is "tied" to Plaintiff's Third Cause of Action for violations of the UCL. (ECF No. 10 at 5–6.) Plaintiff's arguments, however, are unpersuasive.

The California Supreme Court directly addressed this question and held that the UIPA does not create a private right of action. *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287, 304 (1988) (holding "[n]either section 790.03 nor section 790.09 was intended to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h)"). The court reaffirmed this holding in *Zhang v. Superior Court*, 57 Cal. 4th 364, 384 (2013), stating "[p]rivate UIPA actions are absolutely barred; a litigant may not rely on the proscriptions of section 790.03 as a basis for a UCL claim." Specifically, the court held insurers may be liable under the UCL for conduct that violates other laws *in addition to the UIPA*, but violations of the UIPA alone may not form the basis of a UCL complaint. *See Zhang*, 57 Cal 4th at 384. Based on the foregoing authority, Plaintiff's Second

Cause of Action, a standalone UIPA claim, fails. Further, this pleading defect cannot be cured by amendment. Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Second Cause of Action, without leave to amend.

        C.      Third Cause of Action: Violation of UCL

The UCL defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition – actions or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (quoting *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996).[5] Plaintiff may therefore state a violation of the UCL based on conduct that is unfair or fraudulent, even if that conduct is not unlawful. *Id*. The Court addresses the three prongs pertaining to Plaintiff's UCL claim below.

        *i.*      *Unlawful*

Under its "unlawful" prong, "the UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL." *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1133 (2014) (internal citations omitted). Thus, "[t]o state a cause of action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law." *Id.*

Plaintiff alleges Defendant violated § 1371.4 and the UIPA when it refused to reimburse Plaintiff the full amount of costs and fees Plaintiff billed for the emergency services it provided. (ECF No. 1-3 at ¶¶ 9–10, 13–15, 21, 26, 28.) However, as the Court has noted, a UIPA violation cannot alone form the basis of a UCL claim, as a matter of law. *Zhang*, 57 Cal. 4th at 384. Further, Plaintiff's claim that Defendant's reimbursement of only seven percent of its billed total constitutes a violation of § 1371.4 on its face (ECF No. 10 at 7) is unavailing. Nowhere in the text of § 1371.4 is there a requirement that "reimbursement" for medical procedures be in the full

---

[5] The Court also notes injunctive relief and restitution are the only remedies provided by the UCL. *Podolsky*, 50 Cal. App. 4th at 647.

7

amount billed, nor has Plaintiff alleged this fact. Indeed, in *Prospect medical Group, Inc. v. Northridge Emergency Medical Group*, the California Supreme Court discussed the issue of disputes that arise regarding how much emergency room doctors may charge and how much the HMO must pay for emergency services when a patient receives emergency services from a hospital with no preexisting contractual relationship to the HMO. *Prospect medical Group, Inc.*, 45 Cal. 4th 497, 504–05 (2009).[6] As Defendant correctly notes, simply claiming Defendant did not fulfill its obligation under the law without providing facts as to why Defendant's conduct was unlawful does not provide a basis for a cause of action under the UCL. (ECF No. 7-1 at 16); *see also Iqbal*, 556 U.S. at 680. Thus, Plaintiff has not alleged enough facts to indicate Defendant's conduct is unlawful under the UCL.

        *ii.*  *Unfair*

Plaintiff also alleges Defendant's failure to reimburse Plaintiff for "the reasonable value of its services is unwarranted and unfair." (ECF No. 1-3 at ¶ 32.) "An 'unfair' business practice occurs when that practice 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *State Farm Fire & Casualty v. Superior Court*, 45 Cal. App. 4th 1093, 1104 (citing *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d 509, 530 (1984)). Defendant concedes that it is obligated to pay out-of-network emergency medical providers the "reasonable and customary value" of the services rendered. *See* 28 C.C.R. § 1300.71(3)(B) (addressing how to calculate the reasonable and customary value of the health care services provided). However, Plaintiff fails to allege any facts showing that the reimbursement rate was unreasonable. Plaintiff merely

---

[6] The court in *Prospect medical Group, Inc.* also notes that Cal. Code Regs. Tit. 28 § 1300.71(a)(3)(B), which requires an HMO to reimburse "a reasonable and customary amount" for noncontracted services rendered, applies to § 1371.4. *Prospect medical Group, Inc.*, 45 Cal. 4th at 505. The "reasonable and customary value" for the health care services rendered is based upon statistically credible information that is updated at least annually and takes into consideration: (i) the provider's training, qualifications, and length of time in practice; (ii) the nature of the services provided; (iii) the fees usually charged by the provider; (iv) prevailing provider rates charged in the general geographic area in which the services were rendered; (v) other aspects of the economics of the medical provider's practice that are relevant; and (vi) any unusual circumstances in the case. *Id.* (internal quotations omitted).

8

identifies the cost of the services rendered (ECF No. 1-3 at ¶¶ 9–10) and the reimbursement it received for those services (*id.* at ¶¶ 13–15) and states the amount it received was "unfair." Plaintiff does not allege facts showing that, under any of the factors enumerated in 28 C.C.R. § 1300.71(3)(B), Defendant's reimbursement amount was noncompliant or "unfair." Therefore, while it may be conceivable Defendant reimbursed an unfair amount, Plaintiff fails to allege sufficient facts to state a plausible claim under the unfairness prong of the UCL.

### iii. Fraudulent

If a UCL claim is grounded in fraud, the entire claim must meet the heightened pleading requirement of Rule 9(b).[7] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (2009). Here, Plaintiff has generally alleged Defendant's failure to reimburse at a reasonable rate is "designed to defraud businesses such as Plaintiff," but the Complaint does not specifically allege fraud, nor does either party address this prong in their moving papers. (ECF No. 1-3 at ¶ 32.) Accordingly, the Court finds Plaintiff does not allege sufficient facts to support a UCL claim under the fraudulent prong.

In sum, Plaintiff has failed to allege facts sufficient to state a claim under any prong of the UCL. Nevertheless, the Court finds leave to amend the UCL claim is appropriate since the allegation of additional facts may cure the pleading defects inherent in Plaintiff's Complaint. *See Lopez v. Smith*, 203 F.3d at 1130; *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d at 532. Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Third Cause of Action, violations of the UCL, with leave to amend.

### D. Motion to Strike Punitive Damages

In its Motion to Dismiss, Defendant also asks that Plaintiff's request for punitive damages in connection with Plaintiff's UIPA claim be dismissed or stricken. (ECF No. 7-1 at 15.) In light of the Court's dismissal of Plaintiff's UIPA claim, without leave to amend, Defendant's request to strike is DENIED as moot.

---

[7] "In alleging fraud or mistake, a party must state with particularity the circumstances constitution fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss (ECF No. 7) as to Plaintiff's § 1371.4 and UIPA claims, without leave to amend, GRANTS Defendant's Motion to Dismiss as to Plaintiff's UCL claim with leave to amend, and DENIES Defendant's Motion to strike as moot. To the extent that leave to amend granted herein, Plaintiff may file an amended complaint not later than 30 days from the filing of this Order. Defendant's responsive pleading is due 21 days after Plaintiff files an amended complaint.

IT IS SO ORDERED.

Dated: February 21, 2020

Troy L. Nunley
United States District Judge